IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHIQUITA MILLER                                                                       PLAINTIFF

V.                                                                                   NO: 1:22CV4-M-DAS

FIRST BANK                                                                            DEFENDANT

## MEMORANDUM OPINION

This cause comes before the Court on Defendant First Bank's Motion to Dismiss and for Judgment on the Pleadings [6]. Plaintiff Chiquita Miller has responded in opposition to this motion, and the Court having considered the submissions of the parties is prepared to rule.

### Factual and Procedural Background

On January 10, 2022, Miller, proceeding pro se, filed a complaint against First Bank. The complaint alleges that First Bank failed to disclose proper requirements in a credit transaction in 2018, and that First Bank stole Miller's identity which resulted in repossession of a manufactured home. Miller further alleges that First Bank has used violence, abusive and deceptive practices, false representation, and fraud against plaintiff.

Miller alleges multiple violations of 15 U.S.C. § 1692 and 15 U.S.C. § 1028 stating First Bank has engaged in abusive, unfair, and deceptive debt collection; used plaintiff's stolen identity to illegally repossess a manufactured home; obtained an illegal judgment, used violence, used false representation or deceptive means to request plaintiff's credit report; and furnished a false debt to credit reporting agencies. Plaintiff further alleges that First Bank violated 15 U.S.C. § 1635(a) by failing to disclose to plaintiff the right to rescind the credit transaction entered into by the parties.

On January 31, 2022, First Bank filed a Motion to Dismiss and for Judgment on the Pleadings [6].

1

**Standard**

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v. White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In a motion for a judgment on the pleadings "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Such a motion "is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id*. (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). Moreover, in ruling on a motion for judgment on the pleadings, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Hughes*, 278 F.3d at 420 (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co*., 937 F.2d 274, 279 (5th Cir. 1991)). In considering Rule 12(c) motions the court relies on the same

2

standard as that of a Rule 12(b)(6) motion. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

## Discussion

First Bank argues that Miller's complaint fails to state a claim for which relief can be granted, as the complaint fails to plead facts sufficient to establish a cause of action for any claim.

Miller's allegations such as violence, stealing plaintiff's identity, obtaining an illegal judgment, abusive practices, deceptive practices, false representations, and fraud against First Bank are merely conclusory statements. Plaintiff Miller has provided no factual support to support these claims. A complaint "demands more than an unadorned, the defendant harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Plaintiff attached the Promissory Note for the manufactured home credit transaction in question along with the Winston County Circuit Court Final Judgment and her credit reports. However, Miller asserts, without alleging facts to support the claim, that these items are evidence of First Bank's violations.

Miller's claim that First Bank used false representations or deceptive practices to request plaintiff's credit report are also without merit. Miller's attached Experian credit reports show two "hard inquiries" from First Bank, which Miller alleges are in violation of 15 U.S.C. § 1692e (10). U.S.C. § 1681b(a)(3)(1), however, provides that a reporting agency may furnish a credit report to "a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account…"* (emphasis added). Miller has provided no factual basis to show that obtaining the credit report was done so with "false representation or deceptive means" as alleged. Plaintiff's similar allegation that First Bank's

reporting the debt to credit agencies also fails, as Miller has not alleged sufficient facts to support her belief that the debt was improper. Miller's allegations are therefore without merit.

Miller also alleges that First Bank failed to disclose the proper requirements in a credit transaction as required by 15 U.S.C. § 1635(a) which states:

> (a) Disclosure of obligor's right to rescind
>
> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

Miller alleges that First Bank never disclosed the right to rescind, neither verbally nor in any other form of communication. Miller states that this alleged failure to disclose the right to rescind resulted in the contract being unenforceable and the resulting manufactured home repossession illegal.

However, 15 U.S.C. § 1635(e) states "this section does not apply to – (1) a residential mortgage transaction as defined in section 1602(x) of this title." "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). A dwelling is defined as "a residential structure or mobile

home which contains one to four family housing units, or individual units of condominiums or cooperatives." 15 U.S.C. § 1602(w). The documents attached by plaintiff Miller show that the manufactured home contract with First Bank arose under an installment sales contract, and the promissory note gave First Bank a Purchase Money Security Interest in the constructed home. The right to rescind as set forth in 15 U.S.C. § 1635(a) therefore is not applicable to this credit transaction.

## Conclusion

Miller has failed to allege any facts or claims upon which relief can be granted. Miller's complaint consists merely of conclusory statements alleging multiple types of harm without providing a sufficient factual basis. The complaint has not stated any legally cognizable claim for relief.

**ACCORDINGLY**, Miller's pleadings lack sufficient factual allegations to state a legally cognizable claim for relief. First Bank's Motion to Dismiss and for Judgment on the Pleadings [6] is hereby **GRANTED** and Miller's claims are **DISMISSED**.

**SO ORDERED,** this the 2nd day of March, 2022.

/s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**